
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5/4/06

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| DONNA CHAVIS | * | CIVIL ACTION NO. 05-1496 |
| VERSUS | * | JUDGE RICHARD T. HAIK |
| THE HARTFORD | * | MAGISTRATE METHVIN |

*********************************************************************
**ORDER**
*********************************************************************

After due consideration of the parties pleadings, memoranda and a thorough review of the administrative record, it is HEREBY ORDERED that the defendant's Motion for Summary Judgment [Doc.#17] is DENIED for the following reasons:

First, this court accords the defendant's benefits decision less deference since the defendant is both the insurer and claims administrator under the plan. See *Vega v. National Life Insurance*, 188 F.3d 287 (5th Cir. 1999) (en banc); *Gooden v. Provident Life and Accident Insurance Co.*, 250 F.3d 329 (5th Cir. 2001). Second, upon review of the administrative record, the Court finds that the defendant abused its discretion in denying the plaintiff long term disability benefits under the terms of the policy. See *Firestone Tire and Rubber Company v. Bruch*, 489 U.S. 101, 109 S.Ct. 948 (1989); *MediTrust Financial Services v. The Sterling Chemicals*, 168 F.3d 211 (5th Cir. 1999); *Pierre v. Connecticut General Life Insurance Co.*, 932 F.2d 1552 (5th Cir. 1991), cert. denied, 502 U.S. 973, 112 S.Ct. 453 (1991).

In this case, the plaintiff was advised that effective December 3, 2004, she must be considered totally disabled (prevented from performing the essential duties of any occupation for

which she was qualified by education, training, or experience) in order to continue to receive benefits after December 3, 2004. Dr. Fernando A. Arzola, a cardiologist and one of the plaintiff's treating physicians, diagnosed her with coronary artery disease. Dr. Calvin White diagnosed the plaintiff with chronic lymphadema and lumbar spondylosis. Dr. White opined:

> "Ms. Chavis has a number of medical problems as previously noted in correspondence to the defendant. She has chronic lymphadema involving the lower extremities, characterized by chronic swelling and pain involving the lower extremities. She also has herniated disk disease with a documented large L5-S1 herniated disk. She is Status Post PTCA and stent deployment to the LAD secondary to coronary artery disease and acute cardiac arrest. Given her persistent clinical presentation, she is presently felt to be unemployable and this status is expected to last indefinitely."

Furthermore, Dr. White opined that the plaintiff's ability to climb, balance, stoop, kneel, crouch, or crawl should be limited to infrequent activities of this nature because of the severity of her lumbar disc disease. Dr. White also placed limitations on the plaintiff's ability to perform lower extremity activities by opining, "because of safety concerns this is not advised." If the plaintiff suffered from one condition the administrator's decision may have been reasonable. However, the only reasonable conclusion, given the evidence contained in the administrative record, is that the presence of all three diagnoses prevents the plaintiff from performing the essential duties of any occupation under the policy.

The plaintiff, a high school graduate, worked as a cashier for WalMart for twenty years. It is unreasonable to conclude that someone would hire her to perform any sedentary occupation, given her three severe disabilities, her training and work experience. It is not enough to take her medical records, refer to a list of employment descriptions, plug her into a category, and call it justice. Accordingly, the defendant's denial of benefits is unreasonable, arbitrary and capricious in light of the relevant legal standards and the evidence contained in the administrative record. See *Firestone*

*Tire and Rubber Company supra.*

Under 29 U.S.C. §1132(g)(1) reasonable attorneys' fees and costs of action may be awarded at the discretion of the court. "The factors considered by the court in determining whether to award attorneys' fees under 29 U.S.C. §1132(g)(1) are: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' position." *Sunbeam-Oster Company, Inc. Group Benefits Plan for Salaried and Non-Bargaining Hourly Employees v. Whitehurst*, 102 F.3d 1368, 1378, n. 28 (5th Cir. 1996), citing *Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir. 1995). In consideration of the factors set forth above and in recognition of the firm discretion which the district court maintains in a decision to award attorneys' fees, it is FURTHER ORDERED that the defendant shall pay the REASONABLE ATTORNEYS' FEES AND COSTS incurred by the plaintiff in pursuit of her claim. The plaintiff should provide the court with an affidavit of attorneys' fees and costs for consideration by the court. If a hearing is required on the amount of attorneys' fees and costs to be awarded then the parties shall so request.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 3rd day of May 2006.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA